IN THE MATTER OF HARRY G. PRAY, ATTORNEY AT LAW.

No. 3455

July 18, 1947.                    183 P.2d 627.

*Clarence M. Hawkins,* of Auburn, Calif., and *H. R. Cooke,* of Reno, for Petitioner.

*Harlan L. Heward, Richard W. Blakey* and *Leslie B. Gray,* all of Reno, for Respondent.

## OPINION

By the Court, HORSEY, J.:

On November 28, 1945, this proceeding, against Harry G. Pray for professional misconduct, was commenced, by the service upon him of a notice to show cause, which notified and required him to appear December 11, 1945, before the local administrative committee in and for Washoe County, of the state bar of Nevada, and show cause, if any he had, why he should not be disbarred from membership in the state bar of Nevada, and from practicing law in this state.

In said notice to show cause, count I, the misconduct

of Harry G. Pray is alleged, in substance, to consist of having caused to be prepared, verified by one Dorothy Harwood, and filed, a complaint in a divorce action, in which she was plaintiff, in the Second judicial district court, in and for the county of Washoe, No. 94,911, and in which complaint it was alleged that the said Dorothy Harwood was, and had been for six weeks and more next preceding the commencement of the action, a bona fide resident of the county of Washoe, State of Nevada, and that she had been domiciled, physically present and residing therein during all of said time, and that said Harry G. Pray, then and there, well knew said allegation was false and untrue.

In count II of the notice to show cause it is alleged, in substance, that on November 20, 1945, Harry G. Pray, upon the trial of such divorce action No. 94,911, in department 1 of the Second judicial district court, in and for Washoe County, called, as witnesses in support of the above stated residence allegations of the said complaint, one Julia F. Taggart and the plaintiff, Dorothy Harwood, and elicited testimony in response to his questions, relative to the residence of the said plaintiff, which the said Harry G. Pray knew was false and untrue; that the said Pray, so knowing such testimony to be false and untrue, failed to disclose his knowledge to the court, and thereafter presented a formal decree of divorce to the court for signature, and caused the divorce decree to be filed.

In count III of said notice to show cause it is alleged, in substance, that on numerous occasions during the years 1944 and 1945, at Reno, Nevada, said Harry G. Pray paid sums of money to Julia F. Taggart for forwarding divorce clients to him, that the said Pray remunerated the said Julia F. Taggart for soliciting and obtaining professional employment for him, and that he did directly share with the said Julia F. Taggart, an unlicensed person, compensation arising out of, and incidental to, professional employment.

Harry G. Pray, on December 11, 1945, filed his answer to the charges in said notice to show cause, and in paragraph II of such answer he admitted the truthfulness of the facts stated in the said notice to show cause.

On said 11th day of December, 1945, the said local administrative committee, made its findings, conclusions and recommendations, and filed same, December 19, 1945, with A. R. Schindler, Esq., secretary of the board of governors of the Nevada state bar.

The committee found that all the facts alleged in counts I, II, and III of the notice to show cause were true; that no complaint had theretofore been made to the committee against respondent, and that his reputation for professional conduct had theretofore been good.

The committee concluded that Harry G. Pray is guilty of professional misconduct, and five members of the committee recommended that he be disciplined by the board of governors, for such professional misconduct, by suspension from the practice of law for a period of two years and until and further order of the court. Two members of the committee recommended that the license of Harry G. Pray to practice law be revoked, and that he be disbarred from the practice of the law within the State of Nevada.

The board of governors of the state bar of Nevada convened in special meeting on the 21st of December, 1945. The board considered the matter of the said proceedings against Harry G. Pray, the same being before them upon the findings and recommendations of the said local administrative committee in and for Washoe County, and respondent's answer. The respondent Harry G. Pray, made a statement before the board, and was cross-examined by various members, whereupon the board made its findings, conclusions and recommendations, which were in all respects confirmatory of the findings, conclusions and recommendations of the local administrative committee, including the recommendation that respondent be suspended for two years and

until the further order of this court. The report and recommendations of the board were concurred in, unanimously, by the six members present, being more than a majority of the entire membership of the board.

In accordance with section 26 of "An Act to create a public corporation to be known as 'State Bar of Nevada,' * * *" Stats. 1928–1929, p. 16, same being N.C.L. vol. 1, sec. 565, a certified copy of the decision of the board, together with its findings and a transcript of the proceedings before the said local administrative committee and the board of governors, was filed with the clerk of this court on the 8th day of February, 1946.

Said section 26 provides (among other things) that: "* * * Upon the making of any decision resulting in disbarment or suspension from practice said board shall immediately file a certified copy of said decision, together with said transcript and findings, with the clerk of the supreme court. Any person so disbarred or suspended may, within sixty days after the filing of said certified copy of said decision, petition said supreme court to review said decision or to reserve or modify the same, and upon such review the burden shall be upon the petitioner to show wherein such decision is erroneous or unlawful. When sixty days shall have elapsed after the filing of said certified copy, if no petition for review shall have been filed, the supreme court shall make its order striking the name of such person from the roll of attorneys or suspending him for the period mentioned in said decision. If, upon review, the decision of said board of governors be affirmed, then said court shall forthwith make said order striking said name from the rolls or of suspension. The board shall have power to appoint one or more committees to take evidence on behalf of the board and forward the same to the board with a recommendation for action by the board. Nothing in this act contained shall be construed as limiting or altering the powers of the courts of this state to disbar or discipline members of the bar as this power at present exists."

The respondent did not, within sixty days after the filing of the certified copy of said decision, petition this court to review or modify the same, and under the statute above quoted, sixty days having elapsed and no petition for review having been filed, the court is commanded, in that event, to make its order striking the name of the offending attorney from the roll of attorneys, or suspending him for the period mentioned in said decision.

This command of the statute was not carried out, apparently for the reason that neither any attorney for the State bar, nor respondent, sought to bring the matter before the court for disposal, and the court did not take the matter up of its own motion. The sixty days allowed the petitioner for review expired April 9, 1946, but in the meantime, on March 1, 1946, on account of the conviction of the respondent, Harry G. Pray, for the crime of subornation of perjury, which conviction had occurred February 8, 1946, in case No. 3461 C. 179 P.2d 449, in this court (same being, also, the date the foregoing decision, findings and transcript were filed), this court made an order commanding the transmittal to this court, by the clerk of the Second judicial district court of the State of Nevada, in and for the county of Washoe, of a certified copy of the record of such conviction, pursuant to section 605, vol. 1, N.C.L. 1929, and ordering "that said judgment of conviction be forthwith entered in the records of this court, and that a copy thereof, as so entered, and a copy of this order, be mailed to each District Court in this state."

Said section 605, vol. 1, N.C.L.1929, provides: "Section 605. Right of Attorney to Practice Suspended, When. § 15. In the case of the conviction of an attorney or counsellor of a felony or misdemeanor involving moral turpitude, the clerk of the court in which the conviction was had shall, within thirty days thereafter, transmit to the supreme court a certified copy of the record of conviction. And upon such judgment of conviction being entered, all rights of such attorney to

practice as such shall ipso facto be suspended until such judgment either becomes final or is reversed or otherwise set aside."

■ By virtue of the said statute, the entry of the judgment of conviction in the records of this court operated, ipso facto, to suspend Mr. Pray for the indefinite period prescribed by the statute. Doubtless, the fact that that suspension by virtue of his conviction had become effective within said sixty-day period, and long before April 10, 1946 (the first date upon which this court could have proceeded to pass judgment in the instant proceeding, in the absence of a petition for review having been filed within sixty days from February 8, 1946, the date of the filing of the transcript), operated to cause the attorney for the state bar, the respondent and this court to refrain from then taking further action in this proceeding. We assume that the attorney for the state bar discerned no reason for, or no benefit to be gained by the prosecution by, the imposition of a double suspension, to run concurrently, and the respondent may have failed to sense the advantage to him of having a judgment of suspension passed in the instant proceeding to run concurrently with the suspension resulting from the judgment of conviction.

In any event, no proceedings have occurred in the instant case since the filing, March 1, 1946, of the above-mentioned order, and entry of the record of conviction, until on June 10, 1947, when the respondent Harry G. Pray, caused to be filed in this court a verified petition entitled "Petition of Harry G. Pray for Termination of Suspension and Re-instatement as a Member of the State Bar of Nevada." The request for termination does not relate, we apprehend after reading the petition and hearing the arguments of counsel, to any suspension not yet adjudged in the instant proceeding, but rather to the fact that on April 9, 1947, this court rendered its decision reversing the said conviction of Harry G. Pray for subornation of perjury, in case No. 3461, which, in legal effect, rendered the ipso facto suspension, which

was the basis of this court's order of March 1, 1946, wrongful and unjustified, and entitled the respondent to a termination of that suspension. Accordingly, this court, in its order to show cause, dated and filed June 10, 1947, among other things, ordered: "That the clerk of this court mail forthwith to each District Court clerk in the state a notice of this court's reversal of the said conviction."

Pursuant to said order, the clerk of this court mailed to each district court clerk in this state a copy of such notice of reversal, and of the termination thereby of such suspension. The recommendation for suspension filed February 8, 1946, in the instant proceeding, and the above-mentioned petition for termination of suspension and reinstatement, and all matters in connection with the said recommendation and petition were, by said order to show cause, set for hearing before this court on the 8th day of July, 1947, at the hour of 10 o'clock a. m. At that time, the said matters were heard by this court, fully argued by Messrs. H. R. Cooke and Clarence M. Hawkins, attorneys for respondent (petitioner), Harry G. Pray, and by Harlan L. Heward, Esq., representing the board of governors of the state bar of Nevada, and were thereupon submitted to this court for its decision.

In the prayer of his said petition, the respondent prayed as follows: "That this Court now and promptly consider the record hereinabove referred to and the recommendation of suspension for two years, and that the court enter its order either declining to suspend petitioner any further in connection with the matter or fixing the earliest possible time when in justice any suspension, entered by order of this Court, shall end."

■ This court entertains, very clearly, the view that the professional misconduct of the respondent, Harry G. Pray, as admitted in his answer and found by the local administrative committee and the board of governors to have been committed by him, is of a character most reprehensible and calling for very severe condemnation. The recommendation of suspension for two years is

believed reasonable and necessary, in order to discourage such highly unethical misconduct.

The respondent is penitent, and gave considerable aid to a correct result by his admission of the charges, and we trust his penitence will continue and that he has truly learned a lesson from his prosecution and the suspension which followed his conviction, which will preclude his ever again resorting to the unprofessional practices which he has admitted.

It is true that if respondent had been suspended promptly in the instant proceeding, upon the expiration of the sixty days above mentioned, as the statute commands, such suspension should have occurred on or about April 10, 1946, and if for two years, as recommended, would by now have been in effect for about fifteen months and ten days, and still continuing. It is a rather striking coincidence that under the suspension which respondent has suffered by reason of his conviction of subornation of perjury, and this court's order of March 1, 1946, entering the judgment of conviction, which has since been found and decided to have been erroneous, respondent was suspended for precisely fifteen months and ten days, from March 1, 1946, until June 10, 1947, the latter the date the clerk's office, under this court's order, sent out copies of the notice of this court's reversal of the conviction and the termination thereby of such suspension.

It was, by no means, the fault of the respondent, Pray, that the proceedings in the instant case were not carried on more promptly. While he could have petitioned for judgment against himself upon the uncontested findings and recommendations he can scarcely be blamed, under the circumstances, for not having assumed the initiative when he was, at the time said petition would have been appropriate, under the cloud of a conviction of felony, and thereby already suspended. And the fact is that respondent's suspension by virtue of his conviction has run for fourteen months of the identical period of time which would have been covered by a suspension of two

years in the instant proceeding, if such suspension had occurred promptly on or about April 10, 1946, and had commenced immediately thereafter. The said ipso facto suspension by virtue of the conviction, as aforesaid, was in effect from March 1, 1946, and did not end until June 10, 1947; so, for the period of fourteen months from April 10, 1946 (had said suspension been made promptly in the instant proceedings, in accordance with the statute), until June 10, 1947, when the suspension by reason of his conviction was, in effect, terminated, the two suspensions most likely would have been concurrent. The difference is in classification only. The suspension for that fourteen months was by reason of conviction in a case other than this porceeding, but the facts underlying that case, No. 3461, and this proceeding, No. 3455, are closely related, and, to some extent, interwoven.

■■ While, technically, a period of suspension erroneously inflicted, because of an erroneous conviction in one case, cannot properly be made to apply as a credit or a set-off in the matter of the time of a suspension not yet adjudged in another case or proceeding, nevertheless, this court has a wide legal discretion in determining penal and other matters pertaining to disbarment and suspension. In exercising that discretion, we believe the principles of fairness, justice and equity, as well as a proper application of strictly legal rules of construction, should be accorded proper consideration and the effect to which such principles are reasonably entitled. A suspension of an attorney for fourteen months means, in the case of many attorneys who have no other means of livelihood than that derived from carrying on their professional practice, much sacrifice and financial difficulty. It also involves great loss as to reputation, and a keen sense of humiliation and much mental suffering. Its effect is the same, in all substantial respects, whether adjudged in case No. 3461 or in proceeding No. 3455. It is believed respondent has learned his lesson as fully under the suspension suffered as would be possible under any suspension for a like period of time.

We have endeavored to give most careful consideration to the recommendations of the local administrative committee and the board of governors, and to the imperative necessity, in the interest of the public welfare, of maintaining honest, honorable and decent professional conduct on the part of members of the State Bar, and, on the other hand, have endeavored to consider impartially and give due regard to the just rights of the respondent.

It is the decision and order of this court that the respondent, Harry G. Pray, be, and he is hereby, suspended from the practice of the law in this state for the period of ten months, such suspension to commence upon the date this opinion and decision is filed.

BADT, J., concurs.

EATHER, C. J., because of illness, did not participate in the foregoing case.